IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: JOANNE G. LEITGEB        :        MISCELLANEOUS ACTION
                                            :        NO. 09-mc-23

**MEMORANDUM AND ORDER**

Before the Court in this miscellaneous action are the Motion for Withdrawal to District Court 28 U.S.C. § 157(d), 28 U.S.C. § 530B(a) (Doc. No. 1) and other related Motions (Doc. Nos. 4, 7, 8).  These Motions have been filed by Debtor Joanne G. Leitgeb ("Debtor"), who also requests expedited consideration of the Motions.  (Doc. 15).  The statute cited by Debtor as providing grounds for withdrawal reads as follows:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

The gravamen of the Motion for Withdrawal, which is rambling, repetitive and hard to follow, is that the trustee appointed to the Debtor's case has served as both a Chapter VII Panel Trustee and also as counsel for other debtors in the same district in which he sits as a trustee.  Debtor asserts that this arrangement raises serious ethical issues and has operated to prejudice the Debtor.

The leading Third Circuit case discussing the interpretation of § 157(d) is <u>In re: Pruitt</u>, 910 F.2d 1160 (3d Cir. 1990), which indicates that this statute is designed to give district courts

discretionary power to take cases out of the Bankruptcy Court and adjudicate them under certain circumstances. The Third Circuit instructs that:

> [t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.

In re Pruitt, 910 F.2d at 1168 (citations omitted). See also Young v. Snider, 1994 WL 819555 (E.D. Pa. 1994) (Robreno, J.) (rejecting withdrawal because it was premature, based on conjecture, would impede the judicial economy by requiring relitigating issues already covered by the Bankruptcy court, and would interfere with the Bankruptcy Court's role in the adjudicatory scheme established by Congress).

In the instant case, the Debtor cites ethical issues as the reason, or "cause," justifying permissive withdrawal under the statute. However, Debtor does not demonstrate that any of the factors outlined in Pruitt warrant withdrawal in this case. Debtor has not cited any precedent holding that ethical concerns warrant exercise of the District Court's discretionary withdrawal power to supercede the Bankruptcy Court. Moreover, the ethical concerns, which may or may not have merit, can be fully and competently ruled on by the Bankruptcy Judge, or the Debtor may present them to the Pennsylvania Disciplinary Board.

Furthermore, the Acting United States Trustee has filed a Memorandum in Opposition to Debtor's Motion, which has an accurate statement of the facts and procedural history as well as an accurate statement of the law. That Memorandum explains that the Trustee has completed his role in the Debtor's case and that the Debtor is simply awaiting discharge, pending resolution of several other motions before the Bankruptcy Court. At such a late stage, where the Bankruptcy

Court has nearly completed its handling of the Debtor's bankruptcy, this Court will not intervene and withdraw the case. The goals of reducing forum shopping, preserving judicial economy, and expediting the bankruptcy process will not be served by withdrawal.

Debtor also argues that mandatory withdrawal is necessary in this case because the resolution of the proceeding requires consideration of Title 11 and Pennsylvania ethical rules, which, according to Debtor, affect interstate commerce. However, 28 U.S.C. § 157(d) requires withdrawal only when the court must consider Title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce." The Pennsylvania ethical rules are state laws, not laws of the United States, and Debtor cites no other federal statute or rule that the court must consider in the proceeding.

Accordingly, it is hereby ORDERED that Debtor's Motion to Expedite (Doc. No. 15) is granted, but the remainder of Debtor's Motions (Doc. Nos. 1, 4, 7, 8) are DENIED.

BY THE COURT:

s/Michael M. Baylson

Date:   3/10/09

Michael M. Baylson, U.S.D.J.

O:\09-10 CIVIL\09-mc-23 Leitgeb\Leitgeb - Memo & Order 3-10-09.wpd

-3-